# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **EDDIE BROWN, III** | **CIVIL ACTION NO. 25-0054** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MARK MCSHAW, ET AL.** | **MAG. JUDGE KAYLA D MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Eddie Brown, III, a prisoner at Ouachita Parish Correctional Center proceeding pro se, moves for a temporary restraining order and a preliminary injunction. [doc. # 1, p. 5]. Plaintiff filed the instant proceeding on approximately January 13, 2025, under 42 U.S.C. § 1983, naming the following defendants: Sheriff Mark McShaw, Officer Stacy Morrison, District Attorney Steven Tew, and Assistant District Attorney Ricky Smith.[1]  For reasons that follow, the Court should deny Plaintiff's motions.

## Background

Plaintiff embedded the instant motions in the "Relief" portion of his form pleading. [doc. # 1, p. 5].  Apart from the allegations in the underlying pleading—for which Plaintiff requests final relief—he does not offer any allegations specifically in support of these motions.  For context, the undersigned presents the allegations from Plaintiff's underlying pleading verbatim:

> The Plaintiff Eddie Brown III®, official of a foreign government, states that on 06/24/2024 Stacy Morrison official of Ouacha Parish Sheriff's Office, filed an affidavit in the Parish Clerk's office with a fictitious name or /Alias Diluting a registered Trademark, registered with the United States Patent & Trademark office for the purposes of causing confusion & to deceive, in violation of 15

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

> U.S.C. § 1125(c). Plaintiff also charges Ricky Smith Assistant District Attorney for the state filed Amended Bill of information of the same in violation of 15 U.S.C. § 1125(c) and §43(a) of the Lanham Act, for false designation of origin, unfair competition, deceptive trade practices, and tortious interference with business relationships, defamation, and disparagement.
>
> . . . .
>
> The Plaintiff Eddie Brown III® Official of a foreign government, states that Stacy Morrison, official of Ouachita Parish Sheriff's Office, and Ricky Smith Assistant District Attorney for the Parish of Ouachita 4th Judicial district, conspired to commit Malicious Prosecution, Abuse of Process, and Malicious Defense, by wrongly employing a criminal proceeding for the purpose of harassing and injuring plaintiff. Filing false affidavits, initiating prosecutions by filing false information & indictments using false/fictitious marks, names, for commercial advertising to a misleading representation of fact, causing confusion, and deceptions as to the affiliations with another person's origin, or approval of his goods, services & commercial advertising. Plaintiff raises this action according to the provision under the Lanham Act and Patent Laws of USC § 1125; 1125(c); Title 18 U.S.C. 793. [sic].

*Id.* (underlining omitted).

Plaintiff "seeks a temporary restraining order against agencies of the Municipal Courts of this jurisdiction" and a preliminary injunction. [doc. # 1, p. 5].

## **Law and Analysis**

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Further, under Federal Rule of Civil Procedure 65(b), a "court may issue a temporary

2

restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Here, Plaintiff does not demonstrate a substantial likelihood of success on the merits of his claims. First, he seeks to enjoin "agencies of the Municipal Courts," but he does not name any agencies of municipal courts as defendants. That alone forecloses the instant motions. Even if he did name certain agencies as defendants, Plaintiff does not state what actions he wants the Court to enjoin.

Further, Plaintiff does not present any plausible claims on which relief may be granted; rather, he presents labels, conclusions, and threadbare, formulaic recitations of causes of action which do not satisfy Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoted sources omitted).

Moreover, as to Plaintiff's requests for compensation from Assistant District Attorney Smith, Smith is immune from Plaintiff's claims that Smith filed a false indictment against him. *See Mosley v. Vance*, 47 F.3d 425 (5th Cir. 1995) (finding a prosecutor immune where the plaintiff alleged that the prosecutor "altered the indictments."); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (finding a prosecutor immune where the prosecutor allegedly amended the indictment "after the jury was empaneled.").

Finally, Plaintiff does not describe any injury or threatened injury, thus failing to demonstrate (i) a substantial threat that failure to grant the injunction will result in irreparable

3

injury (ii) a clear showing of possible irreparable harm and (iii) a clear showing that he will suffer immediate and irreparable injury, loss, or damage before defendants can be heard.

Plaintiff does not meet his exacting burden of showing that he is entitled to a temporary restraining order or a preliminary injunction. Plaintiff may, if he wishes, pursue permanent injunctive relief through the normal review process.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Eddie Brown, III's motions for a temporary restraining order and a preliminary injunction be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 5th day of February, 2025.

Kayla Dye McClusky
United States Magistrate Judge