UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EDDIE BROWN, III** | **CIVIL ACTION NO. 25-0054** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MARK MCSHAW, ET AL.** | **MAG. JUDGE KAYLA D MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Eddie Brown, III, a prisoner at Ouachita Parish Correctional Center proceeding pro se, filed the instant proceeding on approximately January 13, 2025, under 42 U.S.C. § 1983. He names the following defendants: Sheriff Mark McShaw, Officer Stacy Morrison, District Attorney Steven Tew, and Assistant District Attorney Ricky Smith.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

For context, the undersigned presents Plaintiff's claims and allegations from his initial pleading verbatim:

> The Plaintiff Eddie Brown III®, official of a foreign government, states that on 06/24/2024 Stacy Morrison official of Ouacha Parish Sheriff's Office, filed an affidavit in the Parish Clerk's office with a fictitious name or /Alias Diluting a registered Trademark, registered with the United States Patent & Trademark office for the purposes of causing confusion & to deceive, in violation of 15 U.S.C. § 1125(c).  Plaintiff also charges Ricky Smith Assistant District Attorney for the state filed Amended Bill of information of the same in violation of 15 U.S.C. § 1125(c) and §43(a) of the Lanham Act, for false designation of origin, unfair competition, deceptive trade practices, and tortious interference with business relationships, defamation, and disparagement.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

> . . . .
>
> The Plaintiff Eddie Brown III® Official of a foreign government, states that Stacy Morrison, official of Ouachita Parish Sheriff's Office, and Ricky Smith Assistant District Attorney for the Parish of Ouachita 4th Judicial district, conspired to commit Malicious Prosecution, Abuse of Process, and Malicious Defense, by wrongly employing a criminal proceeding for the purpose of harassing and injuring plaintiff. Filing false affidavits, initiating prosecutions by filing false information & indictments using false/fictitious marks, names, for commercial advertising to a misleading representation of fact, causing confusion, and deceptions as to the affiliations with another person's origin, or approval of his goods, services & commercial advertising. Plaintiff raises this action according to the provision under the Lanham Act and Patent Laws of USC § 1125; 1125(c); Title 18 U.S.C. 793. [sic].

[doc. # 1, pp. 3-4 (underlining omitted)].

Plaintiff filed an amended pleading on February 18, 2025. [doc. # 6]. He first states that he is a "secured party ambassador . . . ." *Id.* at 2.

Plaintiff next alleges that Assistant District Attorney Smith prosecuted him for failing to register and/or notify as a sex offender. [doc. #s 6, p. 2; 6-1, p. 2]. He claims that in September and October 2024, Assistant District Attorney Smith filed bills of information which breached Plaintiff's "certificate of registration with the Executive Office of Commission's Department." [doc. # 6, p. 3].

Plaintiff claims that on June 24, 2024, Officer Morrison filed a "warrant and bail order" using a fictitious name and social security number, in exchange for Plaintiff's "person and personal property," which infringed Plaintiff's trademark from the Louisiana Secretary of State. [doc. # 6, p. 3]. Morrison allegedly filed an affidavit which was false because it breached Plaintiff's trademarked name. *Id.* at 4. Plaintiff claims that Sheriff McShaw failed to report others infringement and dilution of Plaintiff's trademark. *Id.* at 4. He similarly claims that Assistant District Attorney Smith diluted and infringed on his trademark. *Id.* at 5.

Plaintiff claims that District Attorney Steven Tew is "legally accountable" for Assistant

2

District Attorney Smith's actions because Tew is the "superior attorney" over Smith and failed to prevent Smith's actions. [doc. # 6, pp. 4-5].

Plaintiff claims that all of the defendants' actions described above amount to retaliation for Plaintiff's past civil actions. [doc. # 6, p. 6].

Plaintiff seeks injunctive relief, $500,000.00 in compensation, and punitive damages. [doc. #s 1, p. 5; 6, p. 7].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level."  *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to

4

make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Sovereign Citizen**

Plaintiff appears to argue that he cannot be prosecuted because he is an "official of a foreign government" and that, therefore, Defendants Smith and Morrison engaged in malicious prosecution. Plaintiff's allegations have all the hallmarks of an argument that he is a sovereign citizen and is consequently immune from prosecution in this state and country. For instance, he alleges that his name is trademarked, that he is an official of an unidentified foreign government, and that he is a "secured party ambassador." *See U.S. v. Weast*, 811 F.3d 743, 746 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and

proceedings.").

Plaintiff's claims in this respect are groundless. Despite the complete lack of success by anyone attempting to rely on it, this "sovereign-citizen" scheme persists. The undersigned highlights the obvious irony of turning to this Court to enforce rights which would not exist if, as Plaintiff seems to claim, this Court had no authority to enforce them. The Court should dismiss Plaintiff's claims to the extent he relies on a sovereign-citizen argument.[3]

**3. Prosecutorial Immunity**

Plaintiff faults Assistant District Attorney Smith and District Attorney Tew for his prosecution.

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[S]tate prosecutors are absolutely immune from § 1983 damages claims based on activities intimately associated with the judicial phase of the criminal process." *Singleton v. Cannizzaro*, 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020).

The Court "distinguishes between (1) actions taken 'in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State,' and (2) 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Id.* (*quoting Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "[C]onduct

---

[3] *See Askew v. U.S.*, 2023 WL 1775656, at *1 (5th Cir. Feb. 6, 2023) (dismissing the plaintiff's claims as frivolous and entirely without merit because the plaintiff's claims derived "from the so-called 'sovereign citizen movement[.]'"); *Watson v. Texas State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (dismissing a complaint relying on "meritless legal theories associated with the sovereign citizen movement" as "frivolous and entirely without merit"); *Fonda v. Rettig*, 2022 WL 11776801, at *1 (5th Cir. Oct. 20, 2022) (finding no law to support the sovereign citizen approach); *Watson v. Texas State Univ.*, 829 F. App'x 686 (5th Cir. 2020).

protected by absolute immunity is not limited only to the act of initiati[ng judicial proceedings] itself and to conduct occurring in the courtroom, but instead includes all actions which occur in the course of [the prosecutor's] role as an advocate of the State." *Id.* (internal quotation marks and quoted sources omitted).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Defendants Smith and Tew are immune from Plaintiff's claims. As above, deciding when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006); *see also Brown v. Dove*, 519 F. App'x 237, 238 (5th Cir. 2013) ("[C]onclusory allegations of . . . malicious prosecution do not pierce [prosecutorial] immunity.").

Under Plaintiff's allegations, Smith and Tew acted only in the course of their roles as advocates for the State. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.

### 4. Trademark

Plaintiff alleges that his name is trademarked, and he claims that defendants diluted and infringed his trademark when they used his name in various documents.

"A trademark is a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons." *Vidal v. Elster*, 602 U.S. 286, 290 (2024). "In a trademark infringement action, the paramount question is whether one mark is likely to cause confusion with another." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). The "proper legal test" is "whether use of the allegedly infringing mark is likely to confuse consumers as to the source of the product." *Penn Fishing Tackle Mfg. Co. v. Pence*, 505 F.2d 657, 657 (5th Cir. 1974).

"To plead a claim for trademark infringement in violation of the Lanham Act, a plaintiff must allege that: '(1) [the plaintiff] possesses a legally protectable trademark and (2) [the defendant's] use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (quoting *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017)). Courts use a non-exhaustive list of factors to evaluate whether there is a likelihood of confusion: (1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers. *Id.* at 427.

Here, Plaintiff does not allege any facts that even remotely approximate a claim of trademark infringement. He offers no allegations establishing that defendants used a mark "likely to cause confusion with another" mark. And he fails to allege that defendants used his name in any manner likely to confuse or deceive consumers. *See Mells v. Loncon*, 2019 WL

1339618, at *2 (S.D. Ga. Feb. 27, 2019), *report and recommendation adopted,* 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019) (finding similar allegations "gobbledygook" and approaching or exceeding "the level of the irrational or the wholly incredible."); *Collins v. Biden*, 2024 WL 4753931, at *3 (E.D. Cal. Nov. 12, 2024), *report and recommendation adopted,* 2024 WL 5202455 (E.D. Cal. Dec. 23, 2024) (finding, where the plaintiff alleged claims similar to the ones presented here, that the plaintiff did not state a cause of action; rather, he "appears to have filed this lawsuit because he is displeased that an arrest warrant has been issued against him.").[4]

The Court should dismiss these claims.

## 5. Retaliation

Plaintiff claims that all the defendants' actions recounted above constituted retaliation for his past civil actions. [doc. # 6, p. 6].

To prevail on a retaliation claim, a plaintiff must prove: (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which in this context means that but for the retaliatory motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 2331 (5th Cir. 1998). Courts must "carefully scrutinize" retaliation claims to "assure that

---

[4] *See also Piedvache v. Ige*, 2016 WL 6516826, at *7 (D. Haw. Nov. 2, 2016) ("The Complaint's allegation of copyright infringement based upon the use of his name in a newspaper article is frivolous."); *Gibson v. Crist*, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007) (dismissing copyright and trademark claims based on use of a name as frivolous); *Peters v. Beard*, 2006 WL 2174707, at *3 (M.D. Pa. June 13, 2006) (dismissing a complaint as frivolous where the plaintiff claimed that department of corrections personnel used his copyrighted name without permission); *Payne v. Klida*, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted,* 2016 WL 465486 (E.D. Mich. Feb. 8, 2016); *Turner v. Peterson*, 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012).

prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).[5]

A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). "Mere conclusory allegations of retaliation are insufficient[,] . . . a plaintiff must allege more than his personal belief that he has been the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). With respect to the third prong above, "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013).

Here, even construing Plaintiff's pleadings liberally in his favor, his claims are impermissibly conclusory. He neither produces direct evidence of motivation nor alleges a chronology of events from which retaliation may be plausibly inferred.[6] He does state that defendants retaliated because of his prior "civil actions," but he does not identify the lawsuits (or the lawsuits' dates) for which defendants allegedly retaliated. Thus, he does not identify a "tight chain of events" between the predicate events and the alleged retaliatory acts. *See Petzold v. Rostollan*, 946 F.3d 242, 253 (5th Cir. 2019) ("There was a 'tight[] chain of events' between the

---

[5] "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

[6] *See Jones v. Hosemann*, 2020 WL 3250038, at *4 (5th Cir. June 15, 2020) ("But all Jones alleges is that the individual defendants acted with pretext and 'in retaliation.' Those are purely legal conclusions. Jones does not add 'factual content' . . . such as . . . any other indicia of the defendants' animus. Such factual content could allow the court to 'infer more than the mere possibility of misconduct' by the defendants. Instead, Jones's complaint is '[t]hreadbare.'") (internal citations omitted); *Rogers v. Caswell*, 823 F. App'x 263, 265 (5th Cir. 2020); *Miguel v. McLane*, 2024 WL 747232, at *8 (5th Cir. Feb. 23, 2024).

10

predicate events and alleged retaliatory acts—ranging from less than an hour to almost a month."). He also fails to specify if defendants were involved in, or were even aware of, the prior lawsuits.[7] The Court should dismiss these claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Eddie Brown, III's claims be **DISMISSED WITH PREJUDICE** as legally frivolous, for failing to state claims on which relief may be granted, and for seeking relief from defendants immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[7] *See Hale v. Williams*, 390 F. App'x 351, 352 (5th Cir. 2010) (finding no triable issue concerning a retaliatory motive because the defendant was "was not even aware of" the plaintiff's act for which he claimed defendant retaliated); *Armenta v. Pryor*, 377 F. App'x 413, 416 (5th Cir. 2010) (finding no chronology of events where the plaintiff's "grievances were filed months before the alleged retaliatory act and" the plaintiff provided "no evidence that any of the Defendants were named in, or had any knowledge of, his prior grievances or his lawsuit."); *Baughman v. Seale*, 761 F. App'x 371, 382 (5th Cir. 2019), *cert. denied,* 140 S. Ct. 1142 (2020).

11

In Chambers, Monroe, Louisiana, this 10th day of March, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge